Oliver H. BARBER, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2009–SC–000805–KB.

Supreme Court of Kentucky.

Jan. 21, 2010.

**OPINION AND ORDER**

Oliver H. Barber, whose KBA member number is 03210 and whose bar roster address is 100 N. 6th Street, 5th Floor, Louisville, Kentucky, 40202, has petitioned this Court to impose the sanction of a Public Reprimand and a thirty-day suspension to be conditionally probated for one year due to his violation of SCR 3.130–7.09(1) and SCR 3.130–8.1(b). Because the KBA has no objection to this proposed

discipline and because it is appropriate in light of Barber's ethical violations, we grant Barber's motion and recommended discipline.

### KBA File 13167

■ Barber's misconduct in this file arose from his attempts to represent Mr. David Rich. Barber directly contacted Mr. Rich in order to solicit professional employment for a possible wrongful death action after Mr. Rich's father passed away. Barber also contacted Mr. Rich on a second occasion to inquire whether he had sought appointment as administrator or personal representative of his father's estate. Barber made these communications even though he had no family or direct prior professional relationship with Mr. Rich. Based on this misconduct, the Inquiry Commission charged Barber on March 1, 2007, with violating SCR 3.130–7.09(1), which states that "no lawyer directly or indirectly through another person shall, in person or by live telephone, initiate contact or solicit professional employment from a prospective client with whom the lawyer has no family or direct prior professional relationship." In his motion before this Court, Barber admits that his misconduct described above violated SCR 3.130–7.09.

### KBA File 13536

■ On October 17, 2005, Bradley Critchelow filed a bar complaint against Barber based on Barber's representation of him in a civil matter. The KBA served the bar complaint on Barber on November 2, 2005, and again on December 12, 2005. Despite also receiving a reminder letter on January 24, 2006, which notified Barber that his failure to respond would result in an additional charge of misconduct pursuant to SCR 3.130–8.1(b), Barber failed to respond to this bar complaint. Although the Inquiry Commission issued a five-count charge against Barber in April 2007 based on Critchelow's complaint, Barber subsequently provided the KBA with information regarding his defense, which resulted in the removal of four of the charges. The only remaining charge alleged that Barber violated SCR 3.130–8.1(b), which requires a lawyer to respond to a bar complaint. In his motion before this Court, Barber admits that his failure to respond to this bar complaint violated SCR 3.130–8.1(b).

Because Barber admits that his misconduct in these matters constituted a violation of SCR 3.130–7.09(1) and SCR 3.130–8.1(b), Barber and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2), and Barber now requests that this Court impose this negotiated sanction. Barber recommends that this Court impose a Public Reprimand as well as a thirty-day suspension, the latter of which will be probated for one year assuming that Barber complies with the following conditions: Barber will attend the entire Ethics and Professional Enhancement Program next offered by the KBA, will pass the exam given at the end of the program, will not apply for Continuing Legal Education credits for his attendance at the program, and will not receive any further disciplinary charges by the Inquiry Commission within one year from the date of this Order. If Barber fails to comply with these conditions, this Court will impose the thirty-day suspension.

■ The KBA contends in its response to Barber's current motion that this recommended discipline is supported by Kentucky case law and the American Bar Association's *Standards for Imposing Lawyer Sanctions.* For example, in *KBA v. Beal,* 169 S.W.3d 860 (Ky.2005), Beal was publicly reprimanded after he was found guilty of violating SCR 3.130–8.1(b), and in *KBA v. Leadingham,* 269 S.W.3d

419 (Ky.2008), Leadingham received a thirty-day suspension, which was probated for one year on the condition that he attend the KBA's Ethics and Professionalism Enhancement Program, for violating SCR 3.130–3.4 and SCR 3.130–8.1(b). In addition, this recommended discipline is appropriate given the ABA's suggested aggravating factors, such as Barber's multiple offenses and substantial experience in the practice of law, and the suggested mitigating factors, such as Barber's full and free disclosure to the disciplinary board and his cooperative attitude in the disciplinary proceeding. The KBA also notes that the Chair of the Inquiry Commission and a past president of the KBA have reviewed and approved Barber's motion requesting the above discipline.

Agreeing that the negotiated sanction proposed in Barber's motion is appropriate given his admitted violation of SCR 3.130–7.09(1) and SCR 3.130–8.1(b), it is hereby ORDERED that:

1. Oliver H. Barber is guilty of violating SCR 3.130–7.09(1) as set forth in KBA File 13167 and SCR 3.130–8.1(b) as set forth in KBA File 13536.

2. Oliver H. Barber is publicly reprimanded for these ethical violations.

3. Oliver H. Barber is suspended from the practice of law in this Commonwealth for thirty days, but his suspension will be probated for one year upon the following conditions: Barber shall attend the entire Ethics and Professional Enhancement Program next offered by the KBA, or such other remedial education as the OBC may approve; shall pass the exam given at the end of the program; shall pay the expenses for his attendance at the program; shall not apply for Continuing Legal Education credits for his attendance at the program; shall furnish a release and waiver to the Office of Bar Counsel so they may review his CLE records and verify that he has not reported any CLE hours due to his attendance at the program; and shall not receive any further disciplinary charges by the Inquiry Commission within one year from the date of this Order. A violation of these conditions will permit this Court to impose on Barber a thirty-day suspension.

4. Pursuant to SCR 3.450, Barber is directed to pay the costs associated with this proceeding in the amount of $118.56, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: January 21, 2010.

/s/ John D. Minton Jr.
      Chief Justice