**Brandon J. LAWRENCE, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2012–SC–000779–KB.

Supreme Court of Kentucky.

Feb. 21, 2013.

---

### OPINION AND ORDER

Pursuant to SCR 3.480(2), Movant, Brandon J. Lawrence, moves this Court to enter an Order resolving the pending disciplinary proceedings against him in KBA File Nos. 17451 and 18702. Movant was admitted to the practice of law in the Commonwealth of Kentucky on January 26, 2006; his KBA member number is 90552. Movant's bar roster address is The Normandy Building, 101 North Seventh Street, Suite 206, Louisville, Kentucky 40202.

This motion is the result of a negotiated agreement between Movant and the Kentucky Bar Association (KBA). Both parties agree that the proper sanction for Movant's admitted violation of SCR 3.130–1.4(a)(4) (reasonable requests for information), SCR 3.120(1.15(a) (safekeeping of property)), and SCR 3.130–7.09(1) (contact with prospective clients) is a thirty-day suspension, probated for one year on the condition that Movant incur no additional

charges during that time period. For the following reasons, the motion is granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *KBA FILE 17451*

In August of 2008, Weyneisha James and Monica Strain were involved in an automobile accident in Louisville, Kentucky. While still at the scene of the accident, a man approached Ms. James and Ms. Strain and told them he was an associate of Movant and gave them one of Movant's business cards.

Ms. James and Ms. Strain were taken to the University of Louisville by emergency personnel for treatment of their injuries. Shortly after they arrived, this same man appeared at the emergency room. He gave them a business card for Cane Run Chiropractic (CRC). On the back of the card was the name and telephone number of Kevin Magwood. He encouraged them to go to CRC for treatment and told them that Movant would meet them there. Ms. Strain went to CRC the day after the accident, met Movant, and signed documents. Ms. James went to CRC a few days later, met Movant, and also signed documents. Movant did not have an immediate family relationship or a current attorney-client relationship with either Ms. Strain or Ms. James.

Movant's bank records were subpoenaed for the years 2008–2010, during the Inquiry Commission's investigation. Movant's operating and escrow accounts showed that he deposited numerous settlement checks into the operating account. From that same account he wrote settlement checks to clients and paid personal taxes.

After investigating this matter, the Inquiry Commission charged Movant with violating SCR 3.130–1.15(a) ("A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from a lawyer's own property[,]") and SCR 3.130–7.09(1) ("No lawyer directly or indirectly through another person shall, in person or by live telephone, initiate contact or solicit professional employment from a prospective client with whom the lawyer has no family or direct prior professional relationship").[1] Movant admits that he violated SCR 3.130–1.15(a) by commingling funds when he deposited settlement checks into his operating account rather than into his escrow account. Movant further admits that he violated SCR 3.130–7.09(1) by soliciting clients through the efforts of another person who passed Movant's business card to Ms. Strain and Ms. James and further violated this rule when he himself appeared at CRC to get Ms. Strain and Ms. James to sign legal documents. The KBA, after having reviewed the facts and relevant case law, recommends that we grant Movant's motion and suspend him from the practice of law for thirty days, probated for one year provided Movant incurs no additional disciplinary charges during this time period. After reviewing the record, we agree with the KBA's findings and adopt their recommendations.

### B. *KBA FILE 18702*

In December of 2009, Sherita Parr was involved in an automobile accident in Louisville, Kentucky. Shortly after the accident a man, who identified himself as Kevin, handed her one of Movant's business cards, along with a card for CRC, with Kevin's name and number written on

---

1. The Kentucky Supreme Court Rules referenced in these charges are those in effect prior to the July 15, 2009 amendments.

the back. Later that night Movant called Ms. Parr and asked her to come to his office. Movant had neither an immediate family relationship nor a current attorney-client relationship with Ms. Parr.

A few days later Ms. Parr went to Movant's office. She did not meet Movant, but she talked to his secretary and signed some papers. Ms. Parr tried to call Movant several times, however she received only one response. Ms. Parr discharged Movant by letter on March 4, 2010.

After investigating this matter, the Inquiry Commission charged Movant with violating SCR 3.130–1.4(a)(4) ("A lawyer shall . . . promptly comply with reasonable requests for information[,]") and SCR 3.130–7.09(1) ("No lawyer shall directly or through another person, by in person, live telephone, or real-time electronic means, initiate contact or solicit professional employment from a prospective client unless: (a) the lawyer has an immediate family relationship with the potential client; or (b) the lawyer has a current attorney-client relationship with the potential client.").[2] Movant admits that he engaged in conduct which violated SCR 3.130–7.09(1) by initiating contact or soliciting professional employment from a prospective client by having another person give his business card to Ms. Parr and by contacting Ms. Parr by telephone. Movant also admits that he violated SCR 3.130–1.4(a)(4) by not responding to the multiple requests made by Ms. Parr. The KBA recommends that we grant Movant's mo-

tion and suspend him from the practice of law for thirty days, probated for one year provided Movant incurs no additional disciplinary charges during this time period. After reviewing the record, we agree with the KBA's findings and adopt their recommendations.

## II. ANALYSIS

Pursuant to SCR 3.480(2),[3] where an attorney and the KBA have agreed to a negotiated sanction, this Court may approve the sanction or remand the case for further proceedings. As noted, the KBA has stated that it has no objection to the sanction proposed by Movant. After reviewing the allegations, the seriousness of the conduct involved, and the sanction imposed in cases involving conduct of similar significance, this Court concludes that the discipline proposed by Movant, and agreed to by the KBA, is adequate.

In agreeing to the negotiated sanction, we have considered that in *Barber v. Kentucky Bar Ass'n*, 302 S.W.3d 84, 86 (Ky. 2010), we publicly reprimanded an attorney and suspended him for thirty days, with the suspension probated for one year on the condition that he attend the entire Ethics and Professional Enhancement Program and receive no new disciplinary charges for one year. This sanction derived from his admitted misconduct in two separate cases, which included violating SCR 3.130–7.09 by twice attempting to solicit professional employment even though he had no family or direct prior

2. The Kentucky Supreme Court Rules referenced in these charges are those in effect after the July 15, 2009 amendments.

3. SCR 3.480(2) provides "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree. Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court which states such agreement[.]"

professional relationship with the potential client. *Id.* at 85.[4]

The violations in this case are similar in seriousness to those applicable in *Barber.* We note that ethics training would likewise normally be a necessary sanction as well; however, Movant has recently completed the Ethics and Professional Enhancement Program in connection with another matter, and the KBA therefore agrees that his recent attendance satisfies this usual requirement. We likewise agree with this assessment.

### III. ORDER

ACCORDINGLY, IT IS THEREFORE ORDERED THAT:

1. Movant, Brandon J. Lawrence, KBA Member Number 90552, is found guilty of the disciplinary violations described in KBA Files 17451 and 18702;

2. Movant is suspended from the practice of law for thirty days, probated for one year from the date of this Order;

3. Movant shall incur no new disciplinary charges during the probationary period;

4. If Movant fails to comply with any of these terms the probated part of his suspension will be imposed upon motion of the Office of Bar Counsel to this Court;

5. In accordance with SCR 3.450, Movant is directed to pay all costs associated with this disciplinary action, said sum being $131.97, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., sitting. All concur.

---

4. In the other case, the attorney admitted that he violated SCR 3.130–8.1(b) by failing to

ENTERED: February 21, 2013.

/s/ John D. Minton, Jr.

respond to a bar complaint. *Barber,* 302 S.W.3d at 85.